The CHIEF JUSTICE
delivered the opinion of the court.
The evidence is clear that the vessel and her outward cargo were neutral property, destined to neutral consignees at Matamoras, and that the cargo had been actually delivered as consigned.
Some of the proof tended to show that a portion of this cargo consisted of confederate uniform cloth; but there was- none showing destination to enemy territory or immediate enemy use. ■
There was, therefore, nothing in the character of the vessel or of the outward cargo which warrants condemnation-.
At the time of capture, the bark -had the whole or a great part of her homeward- cargo on board. It consisted ■ of cotton and a small quantity of copper. The captain had not signed bills of lading, and, upon his preparatory examination, assigned this circumstance as a reason for not being able to give the names of the shippers at Matamoras or of the consignees at Liverpool. The presumption, arising upon the facts proved, is that it was neutral property, which-must bo restored.
The position of the Science, when her cargo was put on board, and when she was captured, is left in doubt by the depositions of the master and mate; but the testimony of two officers of the Virginia, read as further proof, is explicit that she was in Texan waters,* and no excuse is offered for being there.
The principles just declared in the case of the Dashing Wave require, therefore, the affirmation of both decrees of the District Court.
And this is ordered.

 See chart, supra, p. 1-73.—Rep.